*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

BERNARD JONES,

      Plaintiff-Appellant,

v

LISA A. RAYMOND,

      Defendant-Appellee.

UNPUBLISHED
April 25, 2019

No. 342906
Wayne Circuit Court
LC No. 17-007526-CZ

Before: MARKEY, P.J., and FORT HOOD and GADOLA, JJ.

PER CURIAM.

Plaintiff, Bernard Jones, appeals as of right the trial court's order granting summary disposition in favor of defendant, Lisa Raymond, in this action alleging fraud on the court in connection with Jones's jury-trial criminal convictions in which Raymond represented the state as prosecuting attorney. Because Jones, proceeding pro se below and on appeal, failed to allege a valid cause of action, we affirm the trial court's ruling.

Jones was the defendant in a criminal trial in 2005, and Raymond was the assistant prosecuting attorney assigned to the case. Jones was convicted by a jury of assault with intent to commit murder, MCL 750.83, felon in possession of a firearm, MCL 750.224f, and felony-firearm, MCL 750.227b. He was sentenced to 20 to 40 years' imprisonment for the assault conviction and to lesser sentences on the firearm convictions, including a two-year consecutive sentence for felony-firearm. An issue that developed in the criminal case was whether Raymond had given immunity to an eyewitness who testified against Jones. This Court, in affirming Jones's convictions and sentences, addressed the immunity matter, ruling:

> [Jones] first argues on appeal that the trial court abused its discretion by not allowing defendant to inquire into an eyewitness's understanding of whether an immunity agreement protected the witness from prosecution for parole violations stemming from prior felony convictions. We find it unnecessary to address whether the trial court abused its discretion because, assuming error, it was clearly harmless beyond a reasonable doubt. The witness did testify before the jury that it was his understanding that he had an immunity agreement with

-1-

[Raymond]. The witness later testified that it was his belief that the prosecution could not bring any charges against him relative to drug activity at the house where the shooting occurred. The trial court refused to allow [Jones] to make further inquiry into whether the immunity agreement specifically covered parole violations, and not merely standard criminal charges, arising out of the witness's drug activity at the crime scene. The court found that [Jones's] request was a "backdoor way of getting in evidence of prior convictions."

The harmless-error analysis involves determining whether it affirmatively appears that the error undermined the reliability of the verdict. In other words, the effect of the error is evaluated by assessing it in the context of the untainted evidence to determine whether it is more probable than not that a different outcome would have resulted without the error. If this alleged error is deemed of constitutional magnitude under the Confrontation Clause, an error is harmless beyond a reasonable doubt if it is clear that a rational jury would have found the defendant guilty absent the error. Here, the witness told the jury that he had an immunity agreement and that it covered illegal drug activity at the scene; the added fact, assuming it to be true, was that it extended to parole violations and not just standard criminal charges. This is a de minimis, and in the context of this case, inconsequential exclusion of testimony. After hearing the testimony, reasonable jurors surely concluded that the witness was not going to be prosecuted for anything related to the drug activity. In sum, the jury heard evidence bearing on the witness's credibility and bias in the form of the immunity testimony, and the disputed evidence concerning parole violations would have added little if anything to the inquiry. Given the exceptionally strong evidence of [Jones's] guilt and the limited value of the challenged evidence, we confidently conclude that it is *not* more probable than not that a different outcome would have resulted without the alleged error. It is clear that a rational jury would have found [Jones] guilty absent the alleged error. There has been no miscarriage of justice. [*People v Jones*, unpublished per curiam opinion of the Court of Appeals, issued May 1, 2007 (Docket No. 267111), p 1 (citations and quotation marks omitted).]

The panel denied Jones's motion for reconsideration, *People v Jones*, unpublished order of the Court of Appeals, entered June 13, 2007 (Docket No. 267111), and our Supreme Court subsequently denied Jones's application for leave to appeal, *People v Jones*, 480 Mich 953 (2007). Next, Jones filed an unsuccessful motion for relief from judgment in the circuit court, and this Court denied his delayed application for leave to appeal. *People v Jones*, unpublished order of the Court of Appeals, entered July 16, 2009 (Docket No. 289874). The Michigan Supreme Court then denied Jones's application for leave to appeal. *People v Jones*, 485 Mich 1079 (2010). Undaunted, Jones filed an application for a writ of habeas corpus in federal district court, which was denied. *Jones v Bergh*, opinion of the United States District Court for the Eastern District of Michigan, issued September 7, 2012 (Case No. 10-cv-11783). Later, the United States Court of Appeals for the Sixth Circuit denied Jones's application for a certificate of appealability. *Jones v Bergh*, order of the United States Court of Appeals for the Sixth Circuit, issued April 16, 2013 (Case No. 12-2211). Jones next returned to this Court for relief, filing a delayed application for leave to appeal, which was denied. *People v Jones*, unpublished order of the Court of Appeals, entered May 10, 2016 (Docket No. 331150). Jones then applied

for leave to appeal in our Supreme Court, and once again his appeal was rejected. *People v Jones*, 500 Mich 882 (2016).

In May 2017, Jones filed the instant civil action against Raymond under MCR 2.612(C)(3), alleging that Raymond committed fraud on the court in the context of the criminal proceedings by lying in regard to whether an immunity agreement was in place. Jones sought an order setting aside his criminal convictions. The trial court granted Raymond's motion for summary disposition, concluding that Jones could not bring an independent cause of action under MCR 2.612(C)(3), that res judicata barred the suit, that Raymond was shielded by prosecutorial immunity, and that the suit was precluded pursuant to *Heck v Humphrey*, 512 US 477; 114 S Ct 2364; 129 L Ed 2d 383 (1994).

On appeal, Jones's brief is very difficult to decipher. He argues that Raymond knowingly or negligently committed fraud on the court by misrepresenting and concealing material facts in the criminal trial, resulting in injury and violating Jones's constitutional rights.

This Court reviews de novo a trial court's ruling on a motion for summary disposition. *Loweke v Ann Arbor Ceiling & Partition Co, LLC*, 489 Mich 157, 162; 809 NW2d 553 (2011). We first note that Jones does not challenge the trial court's application of res judicata in summarily dismissing the case. "When an appellant fails to dispute the basis of a lower court's ruling, we need not even consider granting the relief being sought by the appellant." *Denhof v Challa*, 311 Mich App 499, 521; 876 NW2d 266 (2015). This briefing failure alone supports affirmance of the trial court's ruling.

Moreover, Jones's lawsuit constitutes an improper collateral attack on his criminal convictions. MCR 2.612 generally addresses motions for relief from judgment, and subsection (C)(3) of the court rule provides that the rule "does not limit the power of a court to entertain an independent action to . . . set aside a judgment for fraud on the court." In examining MCR 2.612, our Supreme Court in *Daoud v DeLeau*, 455 Mich 181, 200; 565 NW2d 639 (1997), observed that "[w]here statutes and court rules provide effective means for dealing with a judgment fraudulently obtained through perjury, it is neither sound law nor sound policy to permit a separate cause of action for fraud." The Court further explained "that a second suit for fraud, based on perjury ('intrinsic fraud'), may not be filed against a person involved in a first suit, if the statutes and court rules provide an avenue for bringing the fraud to the attention of the first court and asking for relief there." *Id.* at 203.

Here, the issue of fraud on the court with respect to the existence or extent of the immunity agreement was effectively litigated in the state and federal criminal proceedings, with the various courts addressing Jones's assertion that Raymond improperly suppressed the immunity agreement, failing to disclose it as required by law. Simply stated, Jones cannot employ MCR 2.612 in a separate action against Raymond individually in his ongoing effort to alter his criminal convictions. Indeed, Jones has not presented us with any relevant authorities that support the proposition that a defendant can obtain relief from a criminal conviction or have it set aside in an action against the prosecuting attorney that is separate and independent from the criminal proceedings or from the avenues of relief available under the laws of criminal procedure. Certainly, Jones has exhausted his remedies in the criminal arena.

To the extent that Jones's complaint could be construed as seeking money damages or constituting an action under 42 USC 1983, it fails under *Heck*, 512 US at 486-487 ("We hold that, in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus[.]"). None of the events or prerequisites set forth in *Heck* took place; therefore, Jones has no basis to recover money damages under 42 USC 1983.

Jones's arguments that Raymond engaged in fraud and violated the Michigan Rules of Professional Conduct concern the substance or merits of the action, which need not be reached in light of our ruling.[1]

We affirm. Having fully prevailed on appeal, Raymond is awarded taxable costs under MCR 7.219.

/s/ Jane E. Markey
/s/ Karen M. Fort Hood
/s/ Michael F. Gadola

---

[1] We also find it unnecessary to address the issue of prosecutorial immunity.